UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAISHAWN-LAVON MILLER, doing business as
Daishawn Lavon Miller Living Express Trust

                              5:24-cv-0701 (BKS/ML)

                        Plaintiff,

v.

ONONDAGA COUNTY, et al.,

                        Defendants.

---

**Appearances:**

*Plaintiff Pro se*
Daishawn-Lavon Miller
Syracuse, New York

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff pro se Daishawn-Lavon Miller filed this action on May 15, 2024, utilizing a form "Complaint for Violation of Civil Rights," naming approximately eighteen defendants, and purporting to assert claims against "State or local officials" under 42 U.S.C. § 1983. (Dkt. No. 1). On May 26, 2024, Plaintiff filed an Amended Complaint without a caption or a list of named defendants. (Dkt. No. 6). This case appears to stem from a New York State Family Court action in which Plaintiff was involved. (*See generally id.*). On June 4, 2024, United States Magistrate Judge Miroslav Lovric issued an Order and Report-Recommendation, recommending that the Court dismiss the Amended Complaint on the grounds that it wholly fails to provide fair notice of the claims Plaintiff attempts to assert and contains frivolous arguments. (Dkt. No. 11). Magistrate Judge Lovric further recommended that the Amended Complaint be dismissed

without leave to replead as any further amendments would be futile. (Dkt. No. 11, at 8). (explaining that Plaintiff's claims and allegations are factually and legally frivolous and that Plaintiff has already filed "two other actions related the same underlying interaction or occurrences")). Magistrate Judge Lovric advised Plaintiff that he had "fourteen days within which to file written objections to the" Report-Recommendation and that failure to object "will preclude appellate review." (*Id.* at 10).

Plaintiff has filed objections to the Report-Recommendation. (Dkt. No. 13). For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

## II. STANDARD OF REVIEW

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" in the

original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

III.  **DISCUSSION**

   A.  **Summary of Report-Recommendation**

Magistrate Judge Lovric recommended that the Court dismiss the Amended Complaint pursuant to its inherent authority to dismiss a frivolous action. (Dkt. No. 11, at 1 ("The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous." (citing *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam)). In reviewing the Amended Complaint, Magistrate Judge Lovric noted that it is unsigned, "77-pages long," with "double-spaced unnumbered paragraphs, some of which, span several pages," and "contains a series of run-on sentences containing legal jargon and nonsensical allegations." (*Id.* at 3 (referring to Dkt. No. 6)). In addition, Magistrate Judge Lovric noted that "Plaintiff's assertions that he is not a 'U.S. citizen' but a 'private citizen' and arguments that he is entitled to relief as a result have universally been rejected as frivolous." (*Id.* at 5). Magistrate Judge Lovric also observed that "Plaintiff has demonstrated a consistent pattern of making duplicative, voluminous, and meritless filings, which serve to harass and/or raise frivolous issues" and warned Plaintiff not to engage in these filing practices in the future, but declined to recommend the issuance of a pre-filing injunction in view of his pro se status and lack of legal training." (*Id.* at 7).[1] Finally, Magistrate Judge Lovric acknowledged that, in general, "a court should not dismiss claims contained in a complaint filed

---

[1] Plaintiff's two other actions have been dismissed. *See* Memorandum-Decision & Order, *Miller v. Primo*, No. 5:22-cv-01051(BKS/ML) (N.D.N.Y. Oct. 31, 2022) (adopting Report-Recommendation and dismissing complaint pursuant to 28 U.S.C. § 1915(e)) (Dkt. No. 7); Memorandum-Decision & Order, *Miller v. Primo*, No. 5:23-cv-01051(BKS/ML) (N.D.N.Y. Nov. 14, 2023 (adopting Report-Recommendation and dismissing amended complaint pursuant to 28 U.S.C. § 1915(e)) (Dkt. No. 13).

by a pro se litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" (*Id.* (citing *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir. 1991)). But concluding that, in this case, further amendment would be futile as Plaintiff already amended the complaint once as of right, had asserted "claims and allegations [that] are factually and legally frivolous," and had brought "two prior actions related to the same underlying interactions or occurrences," Magistrate Judge Lovric recommended dismissal without leave to amend. (*Id.* at 7–8).

### B. Plaintiff's Objections

Plaintiff's 210-page submissions are titled "Report Recommendation Objections" but do not appear to contain any specific objection to the Report-Recommendation. (Dkt. Nos. 13, 13-1).[2] Instead, Plaintiff questions the Court's independence and impartiality, asserts this lawsuit is different from the two prior actions, "as the plaintiff is different"—in the two prior cases, "the plaintiff was the actual man," but here, Plaintiff is "the Express Trust-Unincorporated Ecclesiastical Trust." (Dkt. No. 13-1, at 2). Insofar as Plaintiff objects to Magistrate Judge Lovric's finding that the Amended Complaint contains frivolous allegations, Plaintiff's objection is without merit. (*See* Dkt. No. 11, at 5–7 (noting that the assertions like those Plaintiff is making in this case, i.e., that he is not a "U.S. citizen" and is a "private citizen," "have universally been rejected as frivolous" and that Plaintiff's "duplicative, voluminous, and meritless filings" have served "to harass and/or raise frivolous issues" (citing cases)); *see also* Dkt. No. 13-1, at 3–4 (Plaintiff objecting that "there is no way that this court can liberally construe the plaintiff intent and in the same breath determine that the case is frivolous yet the plaintiff is citing primary and

---

[2] Plaintiff has also filed a 50-page document captioned "RICO statement," (Dkt. No. 13-2), and a 9-page "notice" directed to certain of the Defendants, (Dkt. No. 13-3).

secondary authority. The frivolous claims are stemming from the use of fabricated opinions and seems to be the standard to use such doctrines: Rooker-Fledman [sic] and the Younger Abstention which are actually traps being set by this magistrate/attorney to diminish the credibility of plaintiff lawsuit")). "An action is 'frivolous' when either: (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)).

Reading Plaintiff's pro se Amended Complaint liberally, as it must, *Livingston*, 141 F.3d 437, the Court agrees with Magistrate Judge Lovric that it is frivolous. The two excerpts that Magistrate Judge Lovric included as block quotes in the Report-Recommendation illustrate the Amended Complaint's delusional allegations, (*see*, *e.g.*, Dkt. No. 11, at 4 ("I am the first partaker in my harvest-offspring. The overall goal of this lawsuit is . . . to recoup/be reimbursed for this inconvenience causing generational damage" (quoting Dkt. No. 6, at 2)), and meritless legal theories, (*see*, *e.g.*, Dkt. No. 11, at 4 ("The Family Court Act was created by charter not law which is why there must be a perfect storm in order for a court to gain jurisdiction over a private matter." (quoting Dkt. No. 6, at 26)). Further, review of the Amended Complaint shows that the excerpts Magistrate Judge Lovric quoted are not isolated instances of frivolous allegations but a fair representation of the Amended Complaint in its entirety. (*See* Dkt. No. 6, at 3 ("I am expressing trust to inform/rebut not denouncing citizenship so that the proper remedy can be afforded to me jus hiereditatis as the true hier [sic] to the LEGAL ESTATE, I can not make a claim and not be in my proper person -jus in re propria persona sui juris otherwise I would be stating a claim- jus postliminii-indemification principle where relief can not be granted."); *id.* at

59 ("Sent notice via email to . . . Onondaga County Department of Social Services - Economic Security for Proof of ownership and Breach of Agreement, Securities Fraud with proof of cooperative agreement and scanned copy of Affidavit of Beneficial Ownership With Ecclesiastical Deed Poll."). Thus, having reviewed Magistrate Judge Lovric's findings and recommendations regarding frivolity de novo, the Court concludes Plaintiff's objections are without merit.

The Court has reviewed the remainder of the Report-Recommendation for clear error, including Magistrate Judge Lovric's conclusion that further amendments to the Amended Complaint would be futile and recommendation that the Amended Complaint be dismissed without leave to replead. Having found no clear error Report-Recommendation, which is thorough and well-reasoned, the Court adopts it in its entirety.

### C.   Other Submissions

In addition to filing objections to the Report-Recommendation, Plaintiff filed a "Notice of Review in camera by Chancellor Request for Ex Parte Hearing," (Dkt. No. 14), and a "Notice of Review in camera by Chancellor 14th Amendment Unconstitutional per Congressional record Motion," (Dkt. No. 15). The Court has reviewed both submissions and finds no specific objection to the Report-Recommendation or other request for relief. Accordingly, to the extent they contain any request for relief, both submissions are denied.

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 11) is **ADOPTED** in all respects; and it is further

**ORDERED** that the Amended Complaint (Dkt. No. 6) is **DISMISSED without leave to replead**; and it is further

**ORDERED** that Plaintiff's "Notice[s] of Review" (Dkt. Nos. 14, 15) are **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules and close this case.

**IT IS SO ORDERED.**

Dated: June 20, 2024
       Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge